**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM CAPERS JR.,

    Petitioner,

v.                                                 Case Number: 08-CV-11616

WAYNE COUNTY PROBATE COURT,     HON. MARIANNE O. BATTANI

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

In June 2008, this Court entered an order which granted Plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint. He subsequently filed a pleading entitled Motion of Newly Discover[ed] Evidence/Petition for Information Under the Freedom of Information Act. The Court dismissed the motion, and Petitioner seeks reconsideration of that order.

Pursuant to E.D. Mich. LR 7.1(g)(3), to obtain the requested relief, Petitioner must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

After a thorough review of Plaintiff's motion, the Court finds that Plaintiff has failed to carry his burden of proving a palpable defect requiring correction. As the Court previously

2:08-cv-11616-MOB-VMM Doc # 10 Filed 12/16/09 Pg 2 of 3 Pg ID 43

noted, Petitioner moved for information from Ford Motor Company and the UAW which he asserted were relevant to a probate court case that closed in September 2006. He now asks the Court to order an attorney who acted on his behalf relative to the state probate court matter to forward property belonging to Petitioner as well as documents pertaining to that case.

Petitioner relies on 5 U.S.C. § 552(6)(A) as a basis for the requested relief. The statute establishes deadlines by which a federal agency must respond to a request for information. Petitioner is not asking for information from a federal agency;[1] the statute is not applicable. See Griffin v. South Carolina Dept. of Probation, No. 2:09-2136, 2009 WL 4016118 (D.S.C. Nov. 19, 2009). Therefore, the Court finds that Petitioner has advanced no legal authority showing an entitlement to the relief he requests.

Accordingly, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

    s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2009

---

[1] The statute defines agency as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1)

**CERTIFICATE OF SERVICE**

A Copy of this Order was e-filed and/or mailed to William Capers, Jr. on this date.

                                              s/Bernadette M. Thebolt
                                              Case Manager